UNITED STATES of America,
Plaintiff—Appellant,

v.

Timothy Rodney EXUM, Defendant—
Appellee.

No. 02–50644.

D.C. No. CR–01–00794–FMC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Oct. 20, 2003.

Robert C. Stacy, II, Esq., USR—U.S. Attorney's Office, Riverside, CA, for Plaintiff–Appellant.

Michael Tanaka, Esq., Jeff Rutherford, DFPD, FPDCA—Federal Public Defender's Office (Los Angeles), Los Angeles, CA, for Defendant–Appellee.

Before REINHARDT, FERNANDEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Timothy Exum, an inmate already serving a sentence for bank robbery, was caught with possession of two grams of heroin and 2.5 milliliters of liquid morphine in prison. As a consequence, he incurred administrative punishment which included loss of 40–days "good time," 45 days of "disciplinary segregation," loss of visiting privileges for one year, and a recommendation for transfer to a higher-security facility-a transfer that caused him an

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

additional 83 days in "administrative detention."[1]

Almost two and a half years later, Exum was indicted for possession of contraband under 18 U.S.C. § 1791(a)(2). After Exum pled guilty, the district court granted his request for a downward departure from § 2P1.2 based on "extreme punishment" due to the administrative sanctions previously imposed by the Bureau of Prisons. The court determined that a combination of unusual factors related to "extreme punishment" distinguished his case from the typical "heartland," and further decided that these factors warranted a downward departure of four levels. The government appeals, arguing that 1) "excessive punishment based on administrative discipline" is not a permissible ground upon which to base a downward departure; and that 2) the facts of this case do not fall outside the "heartland" of cases under the relevant guideline. The government also argues that the PROTECT Act's *de novo* standard of review should apply to cases such as this, pending on appeal as of the Act's effective date. We find that administrative discipline is a permissible basis on which to depart but that the district court failed to sufficiently explain its reasons for determining that Exum's case was atypical. Because we would reach the same conclusion under either the *de novo* or abuse of discretion standard of review, we need not determine which is applicable here. We remand for resentencing, with the instruction that the grounds for any departure on remand must be fully explained.

## I

■ First, the government argues that administrative punishment, a factor *unmentioned* in the Guidelines, is not an appropriate basis for departure. "[A] federal court's examination of whether a factor can ever be an appropriate basis for departure is limited to determining whether the Commission has proscribed, as a categorical matter, consideration of the factor." *Koon v. U.S.*, 518 U.S. 81, 109, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *accord U.S. v. Sanchez–Rodriguez*, 161 F.3d 556, 560 (9th Cir.1998)("[W]e cannot categorically forbid a district court from departing downward on any basis except for those specifically proscribed in the Guidelines."). Accordingly, we find that administrative punishment is not a prohibited basis for departure.

## II

■ Second, the government contends that the district court erred in finding that the facts of this case fall outside the Guideline's "heartland." Here, in determining that the departure was warranted, the district court relied on a combination of factors related to "extreme punishment," including: (1) evidence that Exum had been led to believe that because the quantity of drugs was small he would be subjected to an administrative hearing only; (2) the extent of the discipline imposed by the institution appeared to result in substantial punishment; and (3) the fact that almost two and a half years passed between the

1. "Administrative detention" entailed being "locked down" for 23 hours a day, being allowed to shower every other day, and little human contact. In addition, Exum was unable to work and earn money, unable to take classes, and unable to eat meals with other inmates. "Disciplinary segregation" entailed further restrictions, which included denial of commissary and radio privileges.

offense and the filing of the criminal indictment.[2] But in identifying these circumstances, the court failed to explain why any of the factors warranting departure was present to an "extraordinary" or "atypical" degree. Most particularly, the court failed to set forth findings supporting the determination of atypicality regarding what counsel for Exum termed the "gravamen of his punishment"-the additional 83 days Exum spent in 23–hour–a–day solitary confinement pending his transfer to a higher-security institution (making a total of 128 days). Accordingly, we remand for resentencing with the instructions that any departure on remand be adequately explained in written findings in terms that establish the basis for determining that the factor or factors on which the court relies are unusual or atypical. *See U.S. v. Thompson*, 315 F.3d 1071 (9th Cir.2002)(remanding to the district court for the purpose of directing the court to fully explain the basis of its comparison).

VACATED AND REMANDED.

---

2. The district court did not explain why items (1) and (3) would supply a basis for departure, and it is not obvious why it they would.